FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2003 OCT 23 P 3: 14

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SAMUEL THOMAS and<br>GRADY ELLIS<br><br>　　　Plaintiffs,<br><br>v.<br><br>WESTSIDE DRYWALL, INC,<br>DUANE SMITH and<br>REBECCA SMITH<br><br>　　　Defendants. | CASE NO.: 3:03-cv-909-J-32 TEM<br><br>PLAINTIFFS DEMAND A TRIAL<br>BY JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Samuel Thomas and Grady Ellis, both former employees of Westside Drywall, Inc. ("Westside"), Duane Smith and Rebecca Smith (collectively referred to as "Defendants"), through the undersigned counsel, bring this action to recover any and all damages including overtime compensation, liquidated damages, attorneys' fees and costs, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and for damages sustained by Plaintiffs' overpayment of social security and Medicare taxes ("FICA taxes")

### JURISDICTION AND VENUE

1.　　Jurisdiction of this action is conferred on this Court by the provisions of 28 U.S.C. § 1331 relating to "all civil actions arising under the Constitution, laws or treaties of the United States," and by 29 U.S.C. 216(b).

2.　　Plaintiffs are residents of Florida, and were at all relevant times employed by Defendants as drywall installers in Jacksonville, Florida.

3. Defendant Westside is a corporation duly organized and existing under the laws of the State of Florida with its principal office and place of business in Jacksonville, Florida. Westside is an enterprise engaged in commerce in Florida, and at all relevant times employed Thomas and Ellis in Florida. Westside may be served with process by serving its registered agent Skip Lave, N. Florida Management Systems, 795 C Blanding Boulevard, Orange Park, Florida 32065.

4. Defendant Duane Smith is a resident of Florida and is general manager of Westside. Pursuant to §203(d) of the FLSA, Mr. Smith was also the employer of Thomas and Ellis as he acted directly and indirectly in the interest of Westside in relation to Thomas and Ellis, and had the power to act on behalf of Westside regarding its employees. Mr. Smith may be served with process at his place of business: 1543 Hamilton Street, Jacksonville, Florida 32210.

5. Defendant Rebecca Smith is a resident of Florida and is the sole Director of Westside. Pursuant to §203(d) of the FLSA, Mrs. Smith was also the employer of Thomas and Ellis as she acted directly and indirectly in the interest of Westside in relation to Thomas and Ellis, and had the power to act on behalf of Westside regarding its employees. Mrs. Smith may be served with process at her place of business: 1543 Hamilton Street, Jacksonville, Florida 32210.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

7. Thomas and Ellis were employed by Defendants within the meaning of the FLSA and the Federal Insurance Contributions Act ("FICA"), 26 U.S.C. 3101 et. seq., during the three year period preceding the filing of this Complaint. Thomas and Ellis worked as drywall installers for workweeks that varied between approximately 50 and 90 hours. Thomas received approximately

$16.00 per hour for each hour worked, including overtime hours. Ellis received approximately $15.00 per hour for each hour worked, including overtime hours. Therefore, neither Thomas nor Ellis received any overtime compensation.

8. Defendants operate a drywall installation operation. Westside primarily operates as a subcontractor to general contractors who perform commercial and residential construction.

9. Defendants employ drywall installers, such as Plaintiffs, to install drywall at construction sites. The installers perform manual labor, are completely subject to Defendants' control, are provided equipment and materials by Defendants, are paid based upon the number of hours worked which is determined by Defendants, and are integral to Defendants' business of installing drywall. Additionally, as a condition of employment, Defendants' drywall installers, including Plaintiffs, are required to sign non-compete agreements, precluding Plaintiffs from working for any general contractor with which Westside does work. Accordingly, during their employment, Thomas and Ellis were economically dependent upon Defendants and therefore are employees and not independent contractors under both the FLSA and FICA.

10. As non-exempt employees, Thomas and Ellis were entitled to be paid time and a half for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a). Accordingly, Defendants' practice to fail to pay Thomas and Ellis overtime compensation is a clear violation of the FLSA.

11. No exemption excused Defendants from paying Thomas and Ellis overtime rates for hours worked over 40. Nor have Defendants made a good faith effort to comply with the FLSA. Indeed, Defendants required Thomas and Ellis to sign statements as a condition of employment that Thomas and Ellis were independent contractors, while knowing that Thomas and Ellis were, ɪ fact, employees, and did so for the purpose of avoiding their obligations under the FLSA and CA. Therefore, Defendants knowingly, willfully, or with reckless disregard carried out its

illegal pattern or practice regarding overtime compensation with respect to Thomas and Ellis.

12.   As the Plaintiffs' employer, Defendants had a fiduciary duty to withhold from Plaintiffs' wages the employer's portion of Thomas and Ellis' FICA taxes, and to pay those withholdings to the IRS. Defendants failed to both make the withholdings and payments. To circumvent this obligation, Defendants, while knowing that Plaintiffs were employees for tax purposes under FICA, required Plaintiffs to sign a statement that they were independent contractors. Defendants' conscious misclassification of Thomas and Ellis as independent contractors breached Defendants' fiduciary duty to withhold FICA taxes from Thomas and Ellis's wages. Thomas and Ellis were thereby required to pay Defendants' portion of FICA taxes resulting in tax overpayments to the Internal Revenue Service ("IRS").

## CAUSES OF ACTION

### A. Unpaid Overtime Wages

13.   Thomas and Ellis incorporate all allegations contained in paragraphs 1 through 12.

14.   Defendants' practice of failing to pay Thomas and Ellis overtime compensation at one and one half times the appropriate regular rate violates the FLSA. 29 U.S.C. § 207.

15.   Accordingly, Thomas and Ellis are entitled to overtime pay in an amount which is one and one half times their hourly wage.

5.   Additionally, Thomas and Ellis are entitled to an amount equal to all their unpaid ertime wages as liquidated damages.

Additionally, Thomas and Ellis are entitled to reasonable attorneys' fees and costs of this ;i. 29 U.S.C. § 216(b).

4

### B. Overpayment of FICA Taxes

18. Thomas and Ellis incorporate all allegations contained in paragraphs 1 through 12.

19. By Defendants failing to withhold and pay the employer's portion of Thomas and Ellis' FICA taxes to the IRS, Defendants breached their fiduciary duties to Thomas and Ellis to make said payments.

20. Accordingly, Thomas and Ellis are entitled to an amount equal to all the overpaid taxes Thomas and Ellis made to the IRS that should have been made by Defendants.

### PRAYER

WHEREFORE, Thomas and Ellis respectfully request judgment be entered in their favor, awarding them:

1. overtime wages for all unpaid hours worked in excess of 40 hours at the rate of one and one half time their hourly rate

2. an equal amount as liquidated damages as allowed under the FLSA;

3. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

4. an amount equal to all overpayments of FICA taxes paid to the IRS that was properly the responsibility of Defendants;

5. pre-judgment and post judgment interest at the highest rates allowed by law; and

6. such other and further relief as may be required by law.

Plaintiffs demand that a jury determine all issues of fact.

Dated this 23rd day of October 2003.

Respectfully submitted,

/s/ Gregg Gerlach
Gregg Gerlach, Esq.
Florida Bar No: 0338140
HARPER GERLACH
Attorneys at Law
4110 Southpoint Boulevard, Suite 228
Jacksonville, FL 32216
Telephone: (904) 296-7000
Facsimile: (904) 296-7303

OF COUNSEL:
Lee G. Kellison, Esq.
Florida Bar No. 963445
LINDELL & KELLISON, P.A.
12276 San Jose Boulevard, Suite 126
Jacksonville, FL 32223-8630
Telephone: (904) 880-4000
Facsimile: (904) 880-4013